IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONNIE L. WALLACE )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>CAROLYN W. COLVIN, )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. ) | Civil Action No. 15-482 |

AMBROSE, Senior District Judge

## **OPINION**

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). Both parties have filed briefs in support of their motions. (ECF Nos. 10 and 12). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 9) and denying Defendant's Motion for Summary Judgment. (ECF No. 11).

## I.     **BACKGROUND**

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed her applications alleging she has been disabled since January 1, 2009 and later amended that date to December 7, 2011.  (ECF No. 5-6, pp. 10, 14; No. 5-5, p. 32). Administrative Law Judge ("ALJ"), Joanna Papazekos, held a hearing on September 4, 2013. (ECF No. 7-2, pp. 29-73).  On September 17, 2013, the ALJ found that Plaintiff was not disabled under the Act.  (ECF No. 7-2, pp. 15-26).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court.  The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 9 and 11). The issues are now ripe for review.

## II.     LEGAL ANALYSIS

### A.     Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not,

whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Plaintiff's Mental Residual Functional Capacity (RFC) [1]

Plaintiff first argues that the ALJ failed to "include any limitations in her RFC findings relative to Plaintiff's impaired social functioning." (ECF No. 10, p. 10). Specifically, Plaintiff submits that the ALJ failed to adequately evaluate the objective medical evidence and findings when rendering her determination. (ECF No. 10, pp. 10-12). To that end, Plaintiff contends that three doctors (Drs. Marston, Brentzel and Rattan) opined that she had moderate restrictions in interacting appropriately with the public, supervisors and/or coworkers. *Id.* Yet, Plaintiff

---

[1] RFC or residual functional capacity refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a). In this case, the ALJ found Plaintiff has the RFC to perform sedentary work with numerous exceptions. (ECF No. 5-2, p. 17).

3

continues, the ALJ failed to provide any analysis for apparently rejecting those opinions. *Id.* As such, Plaintiff claims that remand is warranted.

The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot

reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

After a review of the decision of the ALJ as it relates to the social function of Plaintiff, I am baffled. (ECF No. 5-2, pp. 15-26). To begin with, the ALJ found the Plaintiff had the RFC to perform sedentary work with limitations, none of which were related to social functioning presumably because the ALJ found Plaintiff to have only mild difficulties in social functioning. (ECF No. 5-2 at pp. 19-20). Three medical opinions, however, indicate that Plaintiff was moderately limited in interacting appropriately with the public, supervisors and/or coworkers. (ECF No. 5-8, pp. 393, 399; No. 5-12, p. 22). The ALJ acknowledges all of these opinions. (ECF No. 5-2, pp. 24-25). In fact, the ALJ gave "some weight" to the opinions of two of the doctors, Drs. Brentzel and Rattan.[2] *Id.* at 25. Yet, he did not include any limitations from those opinions in the RFC or state any reason for rejecting the opinions. The ALJ can accept or reject opinion evidence, but she must give specific reason for doing so. Since the ALJ failed to provide any analysis as to why she ostensibly rejected the opinion evidence as it relates to Plaintiff's social functioning, I am unable to make a meaningful review as to whether the decision is based on substantial evidence. Consequently, remand is warranted in this regard.

Additionally, Plaintiff submits that the ALJ improperly weighed the medical opinion evidence as it relates to Plaintiff's mental capacity. (ECF No. 10, p. 16-17). The decision reveals that the ALJ assigned a particular weight to the psychological opinions of record. (ECF No. 5-2, pp. 23-24). To support the weight assigned, the ALJ then states one of two reasons for the assigned weight: 1) because they are either "generally consistent with and supported by the evidence of record," or 2) because they are "without substantial support from the medical and nonmedical evidence or record." (ECF No. 5-2, p. 24). These declarations are nothing more

---

[2] With regard to the third opinion, the ALJ gave that opinion "little weight." *See,* ECF No. 5-2, p. 24 (Evaluation of Dr. Marston's opinion).

than conclusory statements.  The ALJ does not discuss the conflicting evidence or even cite to the same.  An ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981).  The ALJ failed to do this in any realistic manner.

It is acceptable for an ALJ to reject evidence, but she "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).  Based on the conclusory nature of the statements by the ALJ, I find the ALJ failed to sufficiently explain his reasons for accepting and discounting the pertinent evidence.  Thus, I am unable to conduct a meaningful and proper review as to whether the ALJ properly weighed the psychological opinion evidence.  Therefore, remand is warranted on this basis, as well.

Finally, Plaintiff argues that the ALJ erred in failing to adequately weigh the opinion of Dr. Quel, her treating physician.  (ECF No. 10, pp. 13-16).  To that end, Plaintiff submits that Dr. Quel issued a hybrid physical and mental functional capacity opinion but the ALJ only weighed the physical functional capacity portion.  *Id.*  Thus, Plaintiff concludes that remand is necessary.  After a review of the record, I agree.  The ALJ acknowledged both the physical and the mental opinions of Dr. Quel.  (ECF No. 5-2, p. 24).  The ALJ then goes on to give weight to the physical opinion only.  *Id.*  In other words, the ALJ simply fails to weigh the mental opinion evidence of Dr. Quel.  An ALJ must weigh the opinion evidence of record and give specific reasons for his or her determination.  Without the same, I cannot make a decision as to whether the determination is supported by substantial evidence.

In opposition, Defendant attempts to argue that the ALJ sufficiently addressed Dr. Quel's opinions. (ECF No. 12, pp. 11-12).  The reasons set forth by Defendant were not relied upon by the ALJ.  *Compare* ECF No. 12, pp. 11-12 *with* ECF No. 5-2, p. 24*.* The review of an administrative order must be judged upon those bases set forth and disclosed in that order.

*Fargnoli v. Massanari,* 247 F.3d 34, 44 n. 7 (3d Cir. 2001). Thus, to consider post hoc rationalizations not listed by the ALJ runs contrary to the law. *Id.* Therefore, it is improper for me to consider these arguments.

Consequently, I find remand as to the ALJ's assessment of Dr. Quel's opinion is warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CONNIE L. WALLACE,

    Plaintiff,

-vs-    Civil Action No. 15-482

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 7th day of March, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 9) is granted and Defendant's Motion for Summary Judgment (Docket No. 11) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

    BY THE COURT:

    s/ Donetta W. Ambrose
    Donetta W. Ambrose
    United States Senior District Judge